UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODOLFO MORENO,

       Petitioner,                      Case No. 2:25-cv-14124

v.                                     Hon. Jonathan J.C. Grey

ERIC RARDIN,

       Respondent,

_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT
OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. §
2241 AND GRANTING PETITIONER LEAVE TO  APPEAL IN
FORMA PAUPERIS</u>**

Petitioner Rodolfo Moreno, currently serving a sentence of home confinement through the Bureau of Prisons ("BOP"), filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Moreno challenges the BOP's refusal to apply his earned time credits under the First Step Act ("FSA") toward early release from home confinement to begin serving his term of supervised release. For the following reasons, the petition for writ of habeas corpus is **DENIED**.

## I.  BACKGROUND

In 2007, Moreno pleaded guilty and was later sentenced to 120 months' incarceration for conspiracy to distribute more than 50 grams of

crack cocaine and marijuana. *United States v. Moreno*, Case No. 07-cr-20222–6 (E.D. Mich.), ECF No. 275.

In 2015, Moreno committed additional crimes while on home confinement for his 2007 conviction. Moreno pleaded guilty and was sentenced to an additional 151 months of incarceration followed by a four-year term of supervised release for conspiracy to distribute heroin and possession with the intent to distribute heroin. *United States v. Moreno*, No. 15-cr-20562-6 (E.D. Mich.), ECF No. 36.

After serving the majority of his aggregated 271-month sentence in BOP custody, Moreno was moved to home confinement on October 21, 2024. (ECF No. 7-1, PageID.57, 67.) Moreno's statutory release date was set for August 20, 2027, but his current projected FSA release date is August 20, 2026 due to the BOP applying 365 days of FSA credits. (*Id.* at PageID.57, 65.) Moreno's full-term release date is November 11, 2030. (*Id.*)

Moreno filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that he is entitled to additional credit under the FSA for time spent in prerelease custody and requests that he begin his term of supervised release early.

2

## II. DISCUSSION

Moreno alleges that the BOP wrongly denied him FSA credits. Respondent first argues that the petition should be dismissed because Moreno failed to exhaust his administrative remedies prior to filing his habeas petition.

Federal inmates are normally required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). The Sixth Circuit, however, has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 235–236 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*, 515 U.S. 50 (1995)). The Court need not decide the exhaustion issue and instead proceeds directly to the merits of the petition. *See*

3

*Qaiyim v. Farley*, No. 1:11cv430, 2011 WL 3566852, at *3 (N.D. Ohio Aug. 15, 2011). As stated below, Moreno is not entitled to relief on his claim.

Eligible federal inmates—i.e., those whose convictions do not exclude them from receiving FSA benefits—may earn First Step Time Act Credits or FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if: (1) his or her recidivism-risk rating is minimum or low, and (2) his or her risk of recidivism has not increased for two consecutive recidivism assessments conducted by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, effectively shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to prerelease custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

This Court notes at the outset that inmates have no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002). "Courts that have considered the issue 'have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act.'" *Fontanez v. Rardin*, No. 2:23-cv-12415, 2024 WL 1776338, at * 3 (E.D. Mich. Apr. 24, 2024) (quoting *Sedlacek v. Rardin*, No. 2:23-cv-11899, 2024 WL 965607, at * 2 (E.D. Mich. Mar. 5, 2024)); *see also Cheng v. United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (Taiwanese prisoner subject to removal under the immigration laws upon completion of his prison term did not have a liberty interest in receiving FSA credits).

A federal prisoner is eligible to receive FSA benefits "when his time credits complete his term of *imprisonment*." *Hargrove v. Healy*, 155 F.4th 530, 534 (6th Cir. 2025), *cert. denied*, No. 25-818, 2026 WL 1052155 (U.S. Apr. 20, 2026) (emphasis in original) (citing 18 U.S.C. § 3624(g)(1)(A).

Section 3624(g)(3) indicates that where a federal prisoner is sentenced to supervised release, as was Moreno, "the Director of [BOP] may transfer the prisoner to *begin any such term of supervised release at an earlier date*, not to exceed 12 months, based on the application of time credits under section 3632." *Id.* (emphasis in original). These "time credits help a prisoner to *start* his term of supervised release at an earlier date, not *end* his term of supervised release at an earlier date." *Id.* (emphasis in original).

Moreno is not entitled to an earlier release to start supervised release because the BOP already applied the maximum 365 days of FSA credits and accelerated his release date by one year. (ECF No. 7-1, PageID.58.) "[R]egardless of the number of FSA credits the prisoner has accumulated, the maximum that § 3632 can advance a prisoner's release date is 12 months." *Calhoun v. Garza*, No. 24-3240, 2025 WL 2670277, at *3 (6th Cir. June 17, 2025), *cert. denied sub nom. Calhoun v. United States*, No. 25-6557, 2026 WL 490503 (U.S. Feb. 23, 2026). Even if Moreno earned over 365 days of FSA Time Credits while in prison, his additional FSA Time Credits could not be applied to reduce his prison term under § 3624(g)(3) but instead would have been applied toward

6

home confinement or halfway house placement. Thus, Moreno is not entitled to habeas relief because the BOP properly applied his FSA Time Credits to his sentence. *Nekvasil v. United States*, No. 2:22-cv-12155, 2025 WL 395828, at \*\*2–3 (E.D. Mich. Jan. 8, 2025).

Finally, to the extent that Moreno is asking to have his additional FSA credits applied to reduce his term of supervised release, he is not entitled to habeas relief because "First Step Act time credits under § 3632(d)(4)(C) can be used to reduce a prison term but not a supervised-release term." *Hargrove*, 155 F.4th at 536. Thus, Moreno is not entitled to habeas relief on his claim.

## III.  CONCLUSION

For the reasons set forth, **IT IS ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED WITH PREJUDICE**.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Moreno need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**IT IS FURTHER ORDERED** that Moreno is **GRANTED** leave to appeal in forma pauperis because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**SO ORDERED.**

<u>**s/ Jonathan J.C. Grey**</u>
Jonathan J.C. Grey
United States District Judge

Dated: June 2, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2026.

s/ S. Osorio
Sandra Osorio
Case Manager

9